*Fee Paid*

*NP*

*99*

1  Thomas P. Riley, SBN 194706
   LAW OFFICES OF THOMAS P. RILEY, P.C.
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

**FILED**

**E-FILING**

2008 APR -8 P 1: 12

RICHARD W. [...]
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**ORIGINAL**

4  Tel: 626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   J & J Sports Productions, Inc.

7

8                    UNITED STATES DISTRICT COURT
                              FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA

10

11  J & J SPORTS PRODUCTIONS, INC.,        Case No. **C08 01871 JF**  **HRL**

12              Plaintiff,                 **COMPLAINT FOR DAMAGES**

13         vs.                             **DESIGNATION: PROPERTY RIGHTS**

14
    JOSE EDUARDO OROZCO, SANDRA
15  OROZCO, GARY CRAIG ROVAI and
    LYNNE C. ROVAI, INDIVIDUALLY and
16  d/b/a PUERTO AZUL RESTAURANT;
    and GOOSETOWN INC., an unknown
17  business entity d/b/a PUERTO AZUL
    RESTAURANT,
18
                Defendants.
19

20

21  PLAINTIFF ALLEGES:

22
                           **JURISDICTION**
23

24
    1.    Jurisdiction is founded on the existence of a question arising under particular statutes. This
25
    action is brought pursuant to several federal statutes, including the Communications Act of 1934, as
26
    amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and
27
    Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*
28

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length.  The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California.

## VENUE

4.    Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of California, San Jose Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5.    Assignment to the San Jose Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Santa Clara County.

## THE PARTIES

6.    The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

///

///

///

7.      Plaintiff is informed and believes, and alleges thereon that defendant, Jose Eduardo Orozco, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Puerto Azul Restaurant operating at 1072 Lincoln Avenue, San Jose, California 95125.

8.      Plaintiff is informed and believes, and alleges thereon that defendant, Sandra Orozco, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Puerto Azul Restaurant operating at 1072 Lincoln Avenue, San Jose, California 95125.

9.      Plaintiff is informed and believes, and alleges thereon that defendant, Gary Craig Rovai, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Puerto Azul Restaurant operating at 1072 Lincoln Avenue, San Jose, California 95125.

10.     Plaintiff is informed and believes, and alleges thereon that defendant, Lynne C. Rovai, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Puerto Azul Restaurant operating at 1072 Lincoln Avenue, San Jose, California 95125.

11.     Plaintiff is informed and believes, and alleges thereon that defendant, Goosetown Inc., is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Puerto Azul Restaurant operating at 1072 Lincoln Avenue, San Jose, California 95125

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

12.     Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-11, inclusive, as though set forth herein at length.

13.    By contract, Plaintiff J & J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Marco Antonio Barrera III v. Mzonke Fana World Super Featherweight Championship Fight Program* which took place on April 9, 2005, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

14.    Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

15.    As a commercial distributor of sporting events, including the Program, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

16.    With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their San Jose, California location (1072 Lincoln Avenue, San Jose, California, 95125).    Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

17.    Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

///

///

18.    By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

19.    By reason of the defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

20.    As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

     (a)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

     (b)    the recovery of full costs, including reasonable attorneys fees, pursuant to Title47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
### (Violation of Title 47 U.S.C. Section 553)

21.    Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-20, inclusive, as though set forth herein at length.

22.    The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

23.    By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

///

24.     By reason of the defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

25.     As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

    (a)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2) and also

    (b)     the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    (c)     and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Conversion)

26.     Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-25, inclusive, as though set forth herein at length.

27.     By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

28.     The aforesaid acts of the defendants were willful, malicious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., and to subject said Plaintiff to economic distress.

29.     Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from aforementioned defendant as the result of the defendant's egregious conduct and conversion.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $100,000.00 against defendants, and each of them, and

2.     For reasonable attorney fees pursuant to statute, and

3.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.     For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;

2.     For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.    For compensatory damages in an amount according to proof against defendants, and each of them and;

2.    For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.    For such other and further relief as this Honorable Court may deem just and proper.


Respectfully submitted,

Dated:  4/7/08

LAW OFFICES OF THOMAS P. RILEY, P.C.
By:  Thomas P. Riley, Esquire
Attorneys for Plaintiff
J & J Sports Productions, Inc.

///
///
///
///
///
///
///
///

DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 5
Receipt Number: 54611002921
Cashier ID: harwellt
Transaction Date: 04/08/2008
Payer Name: Law offices of Thomas P.
---------------------------------------
CIVIL FILING FEE
 For: JandJ Sports Productions, Inc.
 Case/Party: D-CAN-5-08-CV-001871-001
 Amount:       $350.00
---------------------------------------
CHECK
 Check/Money Order Num: 57267
 Amt Tendered: $350.00
---------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

Case # 08-cv-01871-JF


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.

# CIVIL COVER SHEET

JS 44 - No. CALIF .(Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO).

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| J & J Sports Productions, Inc.    E-FILING | Jose Eduardo Orozco, et al.    ORIGINAL |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED. Santa Clara

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Thomas P. Riley, P.C.
First Library Square, 1114 Fremont Avenue
South Pasadena, CA 91030-3227          (626) 799-9797

ATTORNEYS (IF KNOWN)

C08   01871   JF

## II. BASIS OF JURISDICTION (PLACE AN " " IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN " " IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                     AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN " " IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN " " IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liabiltiy | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence **Habeas Corpus:** | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☑ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of Telecommunications Statues 47 USC 553 and 47 USC 605

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 150,000.00     ☐ CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☑ NO

## VIII. RELATED CASE(S) IF ANY     PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A " " IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☑ SAN JOSE

DATE 4/7/08     SIGNATURE OF ATTORNEY OF RECORD